UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>                              Plaintiff,<br><br>-against-<br><br>HNGN, INC. d/b/a HNGN.com,<br><br>                              Defendant. | Case No. 1:22-cv-08442 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On October 4, 2022, Plaintiff filed this copyright-infringement suit against Defendant. ECF No. 1.  On April 17, 2023, the Court entered default judgment against Defendant.  ECF No. 19.  On September 22, 2023, Plaintiff moved to compel Defendant to respond to Plaintiff's requests for post-judgment discovery.  ECF No. 20.[1]  On October 16, 2023, the Court granted Plaintiff's motion to compel.  ECF No. 21 (the "10/16/23 Order").  On January 12, 2024, Plaintiff requested that the Court order the Defendant to show cause ("OSC") as to why it should not be held in contempt for not responding to Plaintiff's requests for post-judgment discovery.  ECF No. 22.  On January 16, 2024, the Court issued an OSC.  ECF No. 23.  On February 13 and 21, 2024, the Court granted Defendant courtesy extensions of time to show cause.  ECF Nos. 24 and 25.  Defendant has not communicated with the Court or otherwise attempted to show cause as to why it should not be held in contempt.

---

[1] "[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014).  "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(2).  "New York civil procedure allows judgment-creditors to serve information subpoenas to obtain evidence relating to the judgment-debtor's assets and any other matters relevant to the satisfaction of the judgment."  *Benthos Master Fund, Ltd. v. Etra*, No. 20-cv-03384 (VEC), 2022 WL 4467249, at *8 (S.D.N.Y. Sept. 26, 2022) (quotation marks and citation omitted); *see* N.Y. C.P.L.R. §§ 5223-5224.

For the following reasons, the Court orders that Defendant shall be held in civil contempt for failing to comply with the 10/16/23 Order.  Defendant shall therefore pay Plaintiff's reasonable attorney's fees and costs accrued in preparing and filing the motion to compel responses to Plaintiff's requests for post-judgment discovery.

## DISCUSSION

### I. Legal Standard

"Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quotation marks and citations omitted); *accord United States v. Providence J. Co.*, 485 U.S. 693, 704-05 (1988) ("The power to punish for contempts is inherent in all courts." (quotation marks and citation omitted)).  When properly imposed, the contempt sanction "protect[s] the due and orderly administration of justice" and "maintain[s] the authority and dignity of the court."  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) (citation omitted).

"A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner."  *CBS Broad., Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016).  The refusal to promptly obey a court order may be punished as a contempt of court.  *See Maness v. Meyers*, 419 U.S. 449, 458-59 (1975); *Next Invs., LLC v. Bank of China*, 12 F.4th 119, 128 (2d Cir. 2021).  The "refusal or willful neglect of any person to obey an information subpoena" also "is punishable as a contempt of court."  *Wagner v. Chiari & Ilecki, LLP*, 973 F.3d 154, 158 (2d Cir. 2020) (brackets, quotation marks, and citation omitted).  "When a district court invokes its inherent power to

2

impose a sanction of attorneys' fees . . . , the district court must make an explicit finding of bad faith." *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 143 (2d Cir. 2023). "Moreover, inherent-power sanctions are appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes," such as harassment or delay. *Wolters Kluwer Financial Services, Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009).

There are two types of contempt: criminal and civil. "Criminal contempt is a crime in the ordinary sense, and criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826 (1994) (quotation marks and citations omitted). "In contrast, civil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." *Id.* at 827. As the Second Circuit has explained:

> Whether a contempt is criminal or civil turns on the character and purpose of the sanction. Civil contempt fines seek one of two objectives. One is coercion – to force the contemnor to conform his conduct to the court's order. The second is compensation. Where the contumacious conduct has caused injury to the beneficiary of the court's order, a civil fine may be imposed on the contemnor to compensate the victim for the loss or harm caused by the unlawful conduct. Criminal fines, by contrast, are intended primarily to punish the contemnor and vindicate the authority of the court.

*N.Y. State Nat'l Org. for Women v. Terry*, 159 F.3d 86, 93 (2d Cir. 1998).

II.     **Application**

The Court finds that Defendant should be held in contempt for disregarding the 10/16/23 Order commanding Defendant to respond to Plaintiff's requests for post-judgment discovery. The order with which Defendant failed to comply – the 10/16/23 Order – was "clear and unambiguous" about what Defendant needed to do: namely, respond to Plaintiff's requests for post-judgment discovery. *CBS*, 814 F.3d at 98. Also, the proof of Defendant's noncompliance is "clear and convincing." *Id.* Indeed, Defendant has adhered to *none* of the Court's orders in this suit. Nor has Defendant "diligently attempted to comply in a reasonable manner," even after the Court *sua sponte* granted two extensions of time for Defendant to respond to the OSC. *Id.*

Considering Defendant's repeated disregard of the Court's orders (and more general refusal to participate in this suit at all), the Court finds that Defendant has acted in "bad faith." *Rossbach*, 81 F.4th at 143; *see, e.g.*, *Mason Tenders Dist. Council Welfare Fund v. Precise Brick, Inc.*, No. 08-cv-08373 (SHS), 2009 WL 1675399, at *2 (S.D.N.Y. June 15, 2009) (party acted in bad faith by repeatedly ignoring court orders); *Quiles v. Beth Isr. Med. Ctr.*, 168 F.R.D. 15, 18-19 (S.D.N.Y. 1996) (same); *535 Broadway Assocs. v. Com. Corp. of Am.*, 159 B.R. 403, 408 (S.D.N.Y. 1993) (Sotomayor, J.) (same). The Court finds that Defendant's actions are "entirely without color," that is, lacking any legal or factual basis. *Wolters Kluwer*, 564 F.3d at 114. The Court further finds that Defendant's actions are motivated by an "improper purpose," namely, unjustified delay. *Id.*

The Court has provided Defendant advance public notice of the possible contempt sanction against it and the opportunity to respond to the OSC. *See Bagwell*, 512 U.S. at 827 ("civil contempt sanctions . . . may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard"). Under the circumstances, the sanction of fees and costs that

4

the Court imposes is intended "to compensate [Plaintiff] for the loss or harm caused by the unlawful conduct" of ignoring Plaintiff's requests for post-judgment discovery, not "to punish [Defendant] and vindicate the authority of the court." *Terry*, 159 F.3d at 93.  Accordingly, no further procedural protections are required.

## CONCLUSION

For the foregoing reasons, the Court ORDERS that Defendant is in contempt of court for failing to comply with the 10/16/23 Order.  Defendant shall therefore pay Plaintiff's reasonable attorney's fees and costs accrued in preparing and filing the motion to compel responses to Plaintiff's requests for post-judgment discovery.  By **March 15, 2024**, Plaintiff shall submit substantiation of the fees and costs so accrued.

Dated: March 4, 2024
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge
